IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILLIAN CRAIG-COOK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 3:13-CV-1243-BF |
| CAROLYN W. COLVIN, Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lillian Craig-Cook brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including high blood pressure, carpal tunnel syndrome, tennis elbow, sinus problems, neck pain, shoulder pain, knee pain, hand pain, ulcers, a past light heart attack, chronic cough, allergies, chemical imbalance, a bulging disc, cervical radiculitis, and thoracic metastasis. After her applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 11, 2011. At the time of the hearing, Plaintiff was sixty-one years old. She has a high school education, attended college for one year, and has past

work experience as a teacher's assistant and a day care worker. Plaintiff has not engaged in substantial gainful activity since October 9, 2009.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from degenerative disc disease of the cervical spine, a history of carpal tunnel syndrome, and an affective mood disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a wide range of light work and could return to her past relevant employment. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

2

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

3

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Issues

In a single ground for relief, Plaintiff contends that ALJ erred in failing to properly consider her documented somatoform disorder.

## Analysis

Plaintiff contends that she is unable to work due to chronic pain that starts in her left arm and radiates up through her neck and back. (Tr. at 159, 292, 301). The administrative record reveals that Plaintiff's treating and examining physicians diagnosed her with chronic pain syndrome, bulging discs in her spine, carpal tunnel syndrome, anxiety, and depression. (*Id.* at 163-64, 173, 175, 226-32). A non-examining state agency consultant also found that Plaintiff suffers from a depressive disorder, a somatoform disorder, and opioid dependence. (*Id.* at 145, 148, 150). At the administrative hearing, Plaintiff testified that, because of her pain, she cannot walk more than one block at a time, stand for more than fifteen to twenty minutes at a time, sit for more than thirty minutes, or lift more than three to eight pounds. (*Id.* at 299, 303-04). If she lays down, she becomes uncomfortable after an hour or an hour and a half and has to sit up. (*Id.* at 298-99, 302). She tires easily and requires frequent rest breaks. (*Id.* at 302). Plaintiff also testified that she requires assistance with most of her daily activities and household chores. (*Id.* at 298, 302). She is able to dress herself, but cannot raise her arms to comb her hair. (*Id.* at 296). She can prepare simple meals,

4

but has to rest while her food is cooking. (*Id.* at 298). Her grandson helps her with the laundry. (*Id.*). She does not drive and relies on others for transportation. (*Id.* at 159-60, 296). She never goes anywhere alone. (*Id.* at 297). The ALJ did not find that Plaintiff's documented somatoform disorder was a severe impairment. She also rejected Plaintiff's testimony that she is unable to work due to pain as "not credible" to the extent it was inconsistent with an RFC for a significant range of light work. (*Id.* at 35). Instead, the ALJ found that "the objective medical evidence of record does not support [Plaintiff's] allegation of disabling neck pain," and she determined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; stand, walk, and sit for six hours in an eight-hour work day; occasionally perform overhead reaching; frequently perform handling and fingering with her upper extremities; and understand, remember, and carry out detailed but not complex instructions. (*Id.*). In support of her decision, the ALJ repeatedly noted that Plaintiff's physical examinations were "normal," "unremarkable," or "did not reveal any significant abnormalitites." (*Id.* at 36-37). Plaintiff contends that the ALJ erred in failing to recognize her somatoform disorder as a severe impairment and to evaluate its full impact on her credibility and ability to function.

The Social Security Administration defines somatoform disorders as "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.07. The defining characteristic of such disorders is the manifestation of physical symptoms without determinable physiologic causes. *See Scott v. Shalala*, 43 F.3d 669, No. 94-50096, 1994 WL 725034, at *4 (5th Cir. Dec.19, 1994); *Rhodes v. Astrue*, No. 3:10-CV-0784-BF, 2011 WL 3820983, at *7 (N.D. Tex. Aug. 26, 2011). Notably, despite the lack of physical evidence, "there is nothing imaginary or simulated about the patient's perception of his

or her illness." *Rhodes*, 2011 WL 3820983, at *7 (quoting EDWARD SHORTER, FROM PARALYSIS TO FATIGUE: A HISTORY OF PSYCHOSOMATIC ILLNESS IN THE MODERN ERA IX (Free Press 1992). In fact, although "the multiple somatic complaints cannot be fully explained by any known general medical condition or the direct effects of a substance . . . . the unexplained symptoms in Somatization Disorder are not intentionally feigned or produced." *Id.* (quoting American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. Text rev. 2000) ("DSM") at 486).

The ALJ's written decision does not mention the non-examining state agency consultant's opinion that Plaintiff suffers from a somatoform disorder. Nor is there any indication that the ALJ investigated the possibility that Plaintiff's pain and other symptoms existed as a result of the somatoform disorder instead of a physical impairment. In fact, the ALJ's findings regarding Plaintiff's impairments demonstrate a disregard or lack of understanding of the nature of such a disorder. The lack of objective medical evidence that the ALJ repeatedly references in support of her finding of non-disability is the defining characteristic of a somatoform disorder. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.07 (defining somatoform disorder as "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms"). Indeed, the reasons the ALJ used to dismiss Plaintiff's allegations are the very basis for her diagnosis of a somatoform disorder. The ALJ's failure to consider Plaintiff's documented somatoform disorder affected her evaluation of Plaintiff's severe impairments, credibility, and RFC assessment. The ALJ's decision to ignore the state agency consultant's opinion and discount Plaintiff's subjective complaints is not supported by substantial evidence, and remand is required. *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994) (remand required where evidence indicated that claimant suffers from

6

a somatoform disorder but the ALJ failed to investigate the possibility that her pain and symptoms existed as a result of the disorder); *Scott v. Shalala*, 43 F.3d 699, 1994 WL 725034, at *4 (5th Cir. Dec. 19, 1994) (same); *Rhodes*, 2011 WL 3820983, at *9 (same).

The Commissioner argues that any error by the ALJ in failing to properly evaluate Plaintiff's impairments is harmless because she cannot point to any objective medical evidence demonstrating that she was more limited than the ALJ found in her RFC assessment. (Def. Br. at 5). While it is possible that the record as a whole might not support a finding of disability, that determination should be made only after the detailed examination of the record, and Plaintiff's documented somatoform disorder, by the ALJ in the first instance. *Scott*, 1994 WL 725034, at *4. The Commissioner also faults Plaintiff for failing to "aggressively seek treatment" for her alleged impairments. (Def. Br. at 11). However, Plaintiff testified that she stopped going to treatment because she was unable to pay for her doctor visits. (Tr. at 293). An ALJ may not use a claimant's inability to afford the prescribed treatment to show she is not disabled. *See Sanders v. Apfel*, 136 F.3d 137 (5th Cir. 1998).

## CONCLUSION

The final decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.[1]

SO ORDERED, April 7, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.